UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

REBEKAH OLSEN,

    Plaintiff,

v.                                CAUSE NO. 3:23cv836 DRL

KZRV, L.P.,

    Defendant.

## OPINION AND ORDER

Rebekah Olsen sues KZRV, L.P. for breaches of express and implied warranties under the Magnuson-Moss Warranty Act (MMWA) and applicable state law. On October 2, 2023, the court entered an order observing that the case could proceed only under federal question jurisdiction through the MMWA because the complaint pleaded diversity insufficiently. Under Federal Rule of Civil Procedure 12(b)(1), KZRV asks the court to dismiss the case for lack of subject matter jurisdiction. In response, Ms. Olsen, in part, asks the court for leave to amend her complaint for the first time, should her original complaint fail to assert a factual basis for jurisdiction. The court grants the motion to dismiss and affords leave to amend consistent with this opinion.

Ms. Olsen alleges that she purchased a defective recreational vehicle from KZRV and that KZRV has subsequently failed to repair defects in violation of express and implied warranties [1 ¶ 13-15]. She alleges four causes of action: (1) a Texas Deceptive Trade Practices Act (TDTPA) claim [*id.* ¶ 18]; (2) an MMWA claim [*id.* ¶ 32-40]; (3) breach of express warranties [*id.* ¶ 41-45]; and (4) breach of implied warranties [*id.* ¶ 46-50]. She also seeks damages for mental anguish [*id.* ¶ 51-52], to rescind the sale under the TDTPA [*id.* ¶ 53-54], treble damages under the TDTPA [*id.* ¶ 55-57], and attorney fees and costs [*id.* ¶ 58]. She alleges that her damages under the MMWA are "an amount in excess of $100,000" [*id.* ¶ 39]. The vehicle's purchase price was $35,979.81, excluding fees and sales tax [*id.* ¶ 7].

A Rule 12(b)(1) motion "can take the form of a facial or a factual attack on the plaintiff's allegations." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). This is a facial attack. When evaluating a facial challenge to subject matter jurisdiction, the court must accept alleged factual matters as true and draw all reasonable inferences in the plaintiff's favor.[1] *See id.*; *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). Generally, an amount claimed by a plaintiff in good faith will be determinative on the issue of a jurisdictional amount "unless it appears to a legal certainty that the claim is for less than required by the rule." *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). Only damages that are "legally impossible" to recover are removed from the calculation, no matter how improbable the recovery. *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 955 (7th Cir. 1998).

Further, if the amount in controversy is challenged, the proponent must "prove [any] jurisdiction facts by a preponderance of the evidence." *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). To satisfy this burden, a party must do more than "point to the theoretical availability of certain categories of damages." *Am. Bankers Life Assur. of Florida v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003); *see also McMillian v. Sheraton Chicago Hotels & Towers*, 567 F.3d 839, 845 (7th Cir. 2009) (dismissing case for lack of subject matter jurisdiction where "plaintiffs rest[ed] their entire argument concerning amount in controversy on the allegations contained in their complaint" and did not submit "competent proof" that they had satisfied the jurisdictional threshold).

The MMWA allows a plaintiff to sue in federal court for breach of warranty only if "certain jurisdictional thresholds are met." *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004). One requirement is that the amount in controversy must reach "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C.

---

[1] On the other hand, a plaintiff facing a factual attack doesn't enjoy the treatment of her allegations as true. *See Bazile*, 983 F.3d at 279. In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine whether it has power to adjudicate the action." *Id.* The plaintiff bears the burden of establishing the jurisdictional requirements. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014).

2

§ 2310(d)(3)(B). In part, and as applicable here, the MMWA provides a federal cause of action for state law express and implied warranty claims. *Schimmer*, 384 F.3d at 405. The court looks "to state law to determine the remedies available, which in turn informs the potential amount in controversy." *Id.* The law follows a formula in an MMWA case to determine this amount: "the price of a replacement vehicle, minus both the present value of the allegedly defective [vehicle] and the value that the plaintiff received from the use of the allegedly defective [vehicle]." *Id.* at 406 (citations omitted). To start, Ms. Olsen never provides this information to permit the court to perform this calculation here.

Instead, she addresses the remedies available under various claims. The parties seem to agree that Texas state law informs the available remedies.[2] Ms. Olsen seeks treble damages under the TDTPA for KZRV's intentional conduct. She says this amount counts toward the MMWA's amount in controversy threshold. Texas law doesn't allow for "punitive damages for breach-of-warranty claims;" and, under Texas law, "treble damages under the [TDTPA] are punitive damages." *Roberts v. Thor Motor Coach, Inc.*, 2022 U.S. Dist. LEXIS 5338, 8 (E.D. Tex. Jan. 11, 2022); *see Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1070-71 (5th Cir. 1984). In response to KZRV's motion to dismiss, Ms. Olsen contends that punitive damages are recoverable under the MMWA for breach of warranty if such may be recovered in a breach of warranty action under state law. Even if true, Texas state law is clear that such an amount is not recoverable under the MMWA and cannot count toward the amount in controversy threshold.[3]

Ms. Olsen next contends that her claim for mental anguish is recoverable under the TDTPA and counts toward the amount in controversy. A plaintiff cannot recover personal injury damages for claims simply alleging breach of warranty under the MMWA—such claims are limited to economic loss. *Boelens*,

---

[2] No one has provided the court the warranty to see whether a choice-of-law provision might alter this analysis.

[3] In contrast, courts routinely include treble damages under the TDTPA (for an independent tort) in determining the amount in controversy under 18 U.S.C. § 1332(a). *See Mize v. BMW of N. Am., LLC*, 2020 U.S. Dist. LEXIS 55557, 6, 10 (N.D. Tex. Mar. 31, 2020); *Boelens*, 748 F.2d at 1070. But, once more, Ms. Olsen has not properly pleaded diversity jurisdiction even after the court's prior order.

748 F.2d at 1065-66 (distinguishing between recoverable personal injury claims based on breaches of substantive provisions of the MMWA and non-recoverable claims based only on a breach of warranty); *Gutierrez v. Nissan N. Am., Inc.*, 2016 U.S. Dist. LEXIS 195112, 6 (W.D. Tex. Apr. 12, 2016). Mental anguish cannot be used to satisfy the amount in controversy requirement here.

In any event, Ms. Olsen's TDTPA claims cannot count toward the $50,000 jurisdictional requirement under the MMWA. To be sure, the MMWA says the amount in controversy must meet or exceed $50,000 "on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). Whether the court may read this statute differently (and no one has asked the court to do so), the prevailing law holds that state law claims don't get added to the calculus of the amount in controversy under the MMWA—*i.e.*, that the amount controverted for warranty claims get added to the amount controverted for other state law claims. *Marchionna v. Ford Motor Co.*, 1995 U.S. Dist. LEXIS 11408, 24 (N.D. Ill. Aug. 9, 1995) (collecting cases and noting that "every court that has examined the issue" has come to the same conclusion); *Boelens*, 748 F.2d at 1071 n.19 (as a "pendent state law claim," the plaintiff's claim under the TDTPA cannot be used to satisfy the MMWA jurisdictional amount).

That leaves Ms. Olsen's claim for attorney fees and costs. "Legal fees may count toward the amount in controversy if the plaintiff has a right to them 'based on contract, statute, or other legal authority,'" *Webb v. Fin. Indus. Regul. Auth.*, 889 F.3d 853, 857 (7th Cir. 2018), "but the amount is limited to the amount accrued at the time [the federal suit commences]," *Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 845 (7th Cir. 2014); *Gardynski-Leschuck*, 142 F.3d at 958. Although Ms. Olsen could count such fees toward the amount in controversy, *see Gardynski-Leschuck*, 142 F.3d at 958, she offers no information, either in her complaint or briefing, as to this amount. Plausibly, given counsel's extensive experience in these matters and frequently used templates, these fees could not have been much, even allotting for a reasonable amount of pre-suit due diligence.

4

At this point, even when accepting all factual matters as true and drawing all reasonable inferences in her favor, Ms. Olsen hasn't provided competent proof that the jurisdictional amount pleaded is plausible. *See Silha*, 807 F.3d at 173-74; *McMillian*, 567 F.3d at 845. She cannot count her TDTPA claims toward the amount in controversy. *See Marchionna*, 1995 U.S. Dist. LEXIS 11408 at 24. Further, "under Texas law, recission is not an available remedy for breach of warranty." *Roberts*, 2022 U.S. Dist. LEXIS 5338 at 8-9 (quotations and citations omitted). Additionally, Ms. Olsen hasn't alleged the value of the vehicle in its defective condition—while the vehicle's purchase price, which was $35,979.81, provides evidence of what the vehicle was worth as warranted, the court "cannot possibly determine whether the amount in controversy has been met without knowing the value of the [vehicle] with the alleged defects." *Diamond v. Porsche Cars N. Am., Inc.*, 70 F. Appx. 893, 895 (7th Cir. 2003); *see Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). And Ms. Olsen hasn't provided the court with any basis to analyze whether applicable attorney fees provide an avenue to $50,000. Even assuming Ms. Olsen's damages under the MMWA could total the vehicle's purchase price, it seems rather unlikely, especially given her counsel's astucity in this area, that her attorney fees at the time she filed suit could reach the nearly $15,000 needed to make up the difference. *See Gardynski-Leschuck*, 142 F.3d at 958.

In her brief, Ms. Olsen requested leave to amend her complaint. This request wasn't opposed by KZRV. Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires." The court cannot say an amendment would be futile—if not under the MMWA to establish federal question jurisdiction then potentially under diversity jurisdiction, albeit with altogether more developed allegations. The court will grant Ms. Olsen leave to amend, should she determine that she can cure the jurisdictional defects currently afflicting her complaint, consistent with this opinion.

5

CONCLUSION

Accordingly, the court GRANTS the motion to dismiss for lack of subject matter jurisdiction [14], with leave for Ms. Olsen to amend her complaint [20] by December 13, 2024, if consistent with this opinion.

SO ORDERED.

November 21, 2024                                         *s/ Damon R. Leichty*
                                                          Judge, United States District Court